[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op.3 (A).
 {¶ 2} Appellant Eddie James Thompson, Jr., appeals the judgment of the Hamilton County Court of Common Pleas, Probate Court Division, awarding extraordinary attorney fees to the administrator of his father's estate. For the following reasons, we affirm the judgment of the probate court.
 {¶ 3} Eddie J. Thompson, Sr., died intestate in 1991. Since then this court has heard five previous appeals, each captioned In Re Estateof Eddie James Thompson, Sr.,[1] filed by Thompson, Jr., involving the administration of his father's estate. We have affirmed the probate court's judgment in each appeal.[2] In this appeal, Thompson, Jr., brings forth seven issues under one assignment of error, which asserts that "the probate court erred to the prejudice of appellant in exercising jurisdiction over case where counsel for incompetent widow filed application to administer estate, without notice to decedent's next of kin." We note that only one of the seven issues set forth under the assignment of error involves the award of extraordinary attorney fees. We address the issues out of order.
 {¶ 4} In his seventh argument under his assignment of error, Thompson, Jr., asserts that the probate court failed to enter a final appealable order concerning the issues raised at the hearing for extraordinary attorney fees. We disagree.
 {¶ 5} The probate court journalized an entry awarding attorney fees on September 20, 2002. Thompson, Jr., requested that the probate court issue findings of fact and conclusions of law regarding that award. A hearing was held on October 15, 2002. At that hearing, Thompson, Jr., attempted to argue issues that had already been decided by the probate court. The probate court informed Thompson, Jr., that the hearing only concerned the issue of extraordinary attorney fees. On November 18, 2002, the probate court journalized an entry captioned "Findings of Fact and Conclusions of Law Regarding Entry Approving Attorney Fees." The entry awarding extraordinary attorney fees was a final appealable order and the time for appeal did not begin to run until the court had entered its findings of facts and conclusions of law regarding the award of extraordinary attorney fees.[3]
 {¶ 6} In his fourth argument, Thompson, Jr., maintains that the administrator did not file an amended inventory of the estate. We disagree. The amended inventory is included in the record.[4]
 {¶ 7} In his first issue raised under his assignment, Thompson Jr., contests the appointment of his father's wife, Alberta, as the administrator because she was incompetent. In his second issue, Thompson contests the probate court's appointment of a disinterested administrator, de bonis non, after Alberta was removed. We have previously considered these contested appointments, and we have rejected the arguments of Thompson, Jr., concerning these issues.[5]
 {¶ 8} In his third issue, Thompson, Jr., asserts that decedent's domicile was in Kentucky. Essentially, Thompson, Jr., is contesting the probate court's findings that the decedent was domiciled in Ohio and that the estate was required to be administered in Ohio. Again, we have rejected the arguments of Thompson, Jr., concerning this issue in a previous appeal.[6]
 {¶ 9} In his fifth issue raised under the assignment of error, Thompson, Jr., asserts that a final order was not entered "determining the guilt of the person who had concealed and embezzled estate assets." Essentially, Thompson, Jr., is contesting the administrator's account of the estate. We have previously considered this issue, and we have rejected the arguments of Thompson, Jr., in a previous appeal.[7]
 {¶ 10} In his sixth issue, Thompson, Jr., asserts that the probate court failed to enter a final order with respect to a motion to determine heirship. Although it is phrased differently, Thompson, Jr., is contesting the administrator's right to determine the decedent's heirs. We have considered this issue in a previous appeal, and we have rejected the arguments of Thompson, Jr.[8]
 {¶ 11} All of the foregoing issues, with the exception of the seventh and fourth issues, formerly framed as assignments of error in previous appeals to this court, have been considered and rejected. Accordingly, these issues cannot now be relitigated and are thus barred by res judicata.
 {¶ 12} The single assignment of error is overruled, and the judgment of the probate court is affirmed.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] (Aug. 24, 1994), 1st Dist. No. C-930606; (Aug. 26, 1994), 1st Dist. No. C-930607; (Oct. 13, 1995), 1st Dist. No. C-941022; (Jan. 12, 1996), 1st Dist. No. C-950343; (Dec. 29, 1999), 1st Dist. No. C-990341.
[2] See id.
[3] See App.R. 4(B)(2); R.C. 2505.02.
[4] See t.d. 45.
[5] See In re Estate of Eddie James Thompson, Sr. (Aug. 26, 1994), 1st Dist. No. C-930607.
[6] Id.
[7] See In re Estate of Eddie James Thompson, Sr. (Oct. 13, 1995), 1st Dist. No. C-941022.
[8] See In re Estate of Eddie James Thompson, Sr. (Aug. 26, 1994), 1st Dist. No. C-930606.